UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

MARY ANN LALUMIA,

                          Plaintiff,

    -v-                                            1:13-CV-1012

MEGHAN SUTTON; DANIELLE L. SHORT;
GARY SHORT; and TOWN OF ULSTER,
NEW YORK,

                          Defendants.

--------------------------------

APPEARANCES:                                    OF COUNSEL:

BLOOM, BLOOM & ASSOCIATES, PC         KEVIN D. BLOOM, ESQ.
Attorneys for Plaintiff
530 Blooming Grove Turnpike
New Windsor, NY 12553

OFFICE OF ROBERT N. ISSEKS            ROBERT N. ISSEKS, ESQ.
Attorney for Plaintiff
6 North Street
Middletown, NY 10940

MORRIS DUFFY ALONSO & FALEY         CARL S. SANDEL, ESQ.
Attorneys for Defendants Meghan Sutton,   MATTHEW C. WEIR, ESQ.
    Gary Short, and Town of Ulster
2 Rector Street
New York, NY 10006

OFFICE OF KEVIN R. BRYANT            KEVIN R. BRYANT, ESQ.
Attorney for Defendant Danielle L. Short
85 John Street
P.O. Box 4487
Kingston, NY 12402


DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Mary Ann LaLumia ("plaintiff") brings this action against defendants Meghan Sutton ("Officer Sutton"), Danielle L. Short ("Mrs. Short"), Gary Short ("Mr. Short"), and the Town of Ulster, New York (collectively "defendants") under 42 U.S.C. § 1983 and state common law. She asserts claims for violation of the Fourth and Fourteenth Amendments, false arrest, malicious prosecution, intentional and/or negligent infliction of emotional distress, and failure to train and discipline.

Mrs. Short moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or alternatively for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes and cross-moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15. Mrs. Short replied.[1] Oral argument was heard on December 12, 2013, via videoconference in Utica, New York. Decision was reserved.

## II. FACTUAL BACKGROUND

This case arises from an incident on March 4, 2013, at the Target department store in the Town of Ulster. The facts are largely undisputed. At approximately 2:30 p.m., Mr. and Mrs. Short left the Target parking lot after completing their shopping at Target. On the drive home, Mrs. Short realized she left her purse in the shopping cart in the Target parking lot. Mr. Short, an off-duty Town of Ulster police officer, called the Ulster Police Department to send an officer to Target to retrieve his wife's purse.

---

[1] Officer Sutton, Mr. Short, and the Town of Ulster answered the complaint on the same day that plaintiff filed her motion to amend the complaint.

- 2 -

Town of Ulster Police Officer Sutton arrived at Target but was unable to locate the purse. The Shorts returned to Target and Mr. Short began investigating with Officer Sutton. After speaking with Target's Loss Prevention, they viewed video footage from the parking lot which showed a vehicle parked in the same spot where the Shorts were last parked. An elderly woman, later identified to be plaintiff, exited her vehicle, approached the cart corral, and removed the purse from a cart. She then returned to the front seat of her vehicle where she stayed for approximately five minutes. She then exited her vehicle, placed the purse in her trunk, and entered Target. Upon learning the identity of the owner of this vehicle, Officer Sutton and Mr. Short located plaintiff in Target. They explained they were police officers and asked if she had found a purse.

Plaintiff, a 70 year old woman, stated that she did find a purse and tried to find contact information for the owner. She informed them that she then locked the purse in her trunk to keep the contents safe because she didn't trust giving it to a Target employee. She then entered the store to shop. Plaintiff's supporting deposition, which Mrs. Short submitted in support of her motion to dismiss, also states that upon looking in the purse for a phone number so she could call the owner, plaintiff noticed many cards and twenty dollar bills. After finding a driver's license, she called 411, and the operator gave a name and number for Gary Short. She called that number from her cell phone and left a message as soon as she entered Target.[2] She called a second time after realizing she did not leave her name, and

---

[2] There is some confusion regarding whether plaintiff left one or two messages for the Shorts. Her supporting deposition states that she left two message, and all facts must be taken as true and reasonable inferences drawn in favor of plaintiff at this stage. However, it is noted that during oral argument, defense counsel for Mrs. Short argued that plaintiff acknowledged on scene that she did not leave a message after the first call.

again left a message. In each message she said she found a purse in a shopping cart at Target.

Officer Sutton then retrieved the purse from plaintiff's trunk and returned it to Mrs. Short. Nothing was missing from the purse. Mrs. Short then told her husband and Officer Sutton that she wanted plaintiff arrested for stealing her purse. Officer Sutton took plaintiff into custody and transported her to the Ulster Police Department. The Shorts left Target and proceeded to the Ulster Police Department.

Plaintiff was charged with criminal possession of stolen property in the fifth degree. She was arraigned on March 20, 2013, in Ulster Town Court. On April 3, 2013, the charges against her were dismissed.[3] Plaintiff then brought this suit.

## III. DISCUSSION

### A. Cross-Motion to Amend

Plaintiff seeks to amend her complaint and has submitted a proposed amended complaint. Defendants have not opposed.

Federal Rule of Civil Procedure 15(a)(1)(B) entitles a plaintiff to amend her complaint once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Mrs. Short moved to dismiss pursuant to Rule 12(b)(6) on October 16, 2013, and plaintiff cross-moved to amend on October 25, 2013. Accordingly, plaintiff's request to amend was filed within the required twenty one day time period after service of defendant's motion and her request will

---

[3] Although not properly part of the record at the motion to dismiss stage, it has been submitted that at the time of her arraignment, plaintiff's criminal defense attorney provided the Assistant District Attorney with phone records showing she made attempts to call the Shorts. The case was adjourned to allow the Assistant District Attorney to investigate. He confirmed the phone calls and then dismissed the case against plaintiff.

be granted. Plaintiff will be directed to file her amended complaint within ten days of the date of this Memorandum-Decision & Order.

Where a plaintiff seeks to amend her complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint. Hamzik v. Office for People with Dev. Disabilities, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012). Plaintiff's amended complaint does not add new defendants nor new claims. In fact, the purpose of the proposed amendment is to correct an inadvertent error in drafting, and merely adds the words "arrested plaintiff" to paragraphs 11 and 12 along with references to the depositions of Mr. and Mrs. Short. It also attaches Mr. and Mrs. Short's depositions as exhibits. Defendants had sufficient opportunity to respond to the proposed amended complaint and none did so. Accordingly, the merits of the motion to dismiss will be considered in light of the amended complaint.

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where a party has failed to provide some basis for the allegations that support the elements of its claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the pleader's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Finally, a district court may consider documents attached to the pleading as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).[4]

### 1. Private Citizen Liability

Mrs. Short contends she did nothing more than file a complaint with law enforcement, and as such, cannot be liable under 42 U.S.C. § 1983 for plaintiff's alleged civil rights violations.

Private citizens are generally not subject to § 1983 liability. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323–24 (2d Cir. 2002). Section 1983 liability may nevertheless be imposed upon a private individual if an individual conspires with, or engages in joint activity with a state official to deprive another of her constitutional rights. Id. However, conclusory allegations or naked assertions are insufficient to plead such liability. The complaint must present facts tending to show agreement and concerted action. Id.

---

[4] Plaintiff's alternative request to treat the instant motion as one for summary judgment is rejected. Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." That is not the case here. The amended complaint is the operative pleading, which now includes as exhibits the depositions of Mr. and Mrs. Short. Moreover, plaintiff's supporting deposition, submitted in connection with Mrs. Short's motion, is integral to the amended complaint. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) ("[E]ven if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." (internal quotations omitted)). As such, the amended complaint and all three depositions were considered in rendering this decision. This case is no where near ripe for summary judgment as no discovery has been exchanged. In fact, a Rule 16 conference has not even taken place yet.

The amended complaint alleges Mrs. Short had an agreement with her husband and Officer Sutton to have plaintiff falsely arrested and prosecuted, and that the Shorts acted in concert with Officer Sutton to inflict unconstitutional injuries upon plaintiff. As an overt act in furtherance of this unlawful goal, the amended complaint alleges that Mrs. Short's sworn deposition was used to falsely arrest and prosecute plaintiff. The question is whether the accusations of a conspiracy go beyond conclusory allegations and naked assertions.

Merely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor. See, e.g., Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012). The supplier of information, even when that information leads to an arrest, "does not become a state actor unless the police were influenced in their choice of procedure or were under the control of the private party." Fisk v. Letterman, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) (emphasis added). Here, Mrs. Short did more than just supply information to law enforcement. She advised both her husband, an off-duty police officer, and Officer Sutton, that she wanted plaintiff arrested. She repeated this sentiment in her sworn deposition. Moreover, drawing all reasonable inferences in plaintiff's favor, it could be inferred that Mrs. Short, by way of her position as the wife of an off-duty police officer investigating on scene, influenced Officer Sutton in her choice of procedure. Mrs. Short's unequivocal request that plaintiff be arrested, coupled with her influential position, places her above the role of a mere supplier of information to law enforcement.

Further, plaintiff alleges that Mrs. Short conspired with the other defendants and filed a sworn deposition in furtherance of carrying out that conspiracy. These allegations, in conjunction with the close personal relationship of the private citizen defendant and at least

one of the law enforcement defendants, are sufficient to allege state action on Mrs. Short's part by means of a conspiracy or joint activity with a state official. Accordingly, the amended complaint states a claim for § 1983 liability against Mrs. Short and her request to dismiss the amended complaint on this basis will be denied.

### 2. **False Arrest and Malicious Prosecution**

Mrs. Short next argues the false arrest and malicious prosecution claims must be dismissed because Officer Sutton had probable cause to arrest plaintiff for criminal possession of stolen property in the fifth degree at the time she made the arrest.

False arrest and malicious prosecution claims are barred if the officer had probable cause to make the arrest. See Jenkins v. City of N.Y., 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." (internal quotations omitted)); Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003) (listing the required elements of a malicious prosecution claim, one of which is "lack of probable cause for commencing the proceeding"). Probable cause exists when an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010). A court "must consider [only] those facts available to the officer at the time of the arrest and immediately before it." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotations omitted). A court should consider the probative value of each item of evidence, and "then 'look[ ] to the totality of the circumstances' to evaluate whether there was

probable cause to arrest and prosecute the plaintiff." Stansbury v. Wertman, 721 F.3d 84, 89 (2d Cir. 2013) (quoting Panetta, 460 F.3d at 395).

Pursuant to New York Penal Law section 165.40, "[a] person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof."

Mrs. Short argues that based upon Officer Sutton's observations and the video footage showing plaintiff retrieving the purse from the cart, putting it in her vehicle, entering Target, making no attempt to give the purse to Target or mall employees nor notify them of her findings, coupled with locating the purse in plaintiff's trunk and Officer Short's inability to confirm plaintiff's attempts to contact the Shorts regarding the purse, Officer Sutton had probable cause to arrest plaintiff. By contrast, the amended complaint alleges plaintiff was arrested without probable cause and in disregard of compelling and conclusive evidence of her innocence. According to plaintiff, she notified Officer Sutton and Mr. Short that she attempted to contact the Shorts and that she put the purse in her trunk for safekeeping. When the purse was retrieved, Mrs. Short confirmed that all of her belongings were accounted for, including her cash and credit cards.

As to plaintiff's explanation, defendants are correct that "[t]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause." United States v. Fama, 758 F.2d 834, 838 (2d Cir.1985). However, probable cause must still have been present when the arrest was made. As to Officer Sutton's duty to investigate whether plaintiff did in fact make efforts to contact the Shorts, the Second Circuit has held that "once a police officer has a reasonable basis for believing there is probable cause, he is

- 9 -

not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (internal quotations omitted). Again, however, before making the arrest, the officer must have had probable cause to believe the person to be arrested has committed a crime.

The Shorts' and plaintiff's depositions allege facts which, when coupled with the amended complaint, and reasonable inferences drawn in plaintiff's favor, raise plaintiff's right to relief above the speculative level on the false arrest and malicious prosecution claims. Plaintiff has adequately alleged that Officer Sutton lacked probable cause to believe that she possessed stolen property, with the intent to benefit herself or a person other than the owner or to impede the recovery by the owner. See N.Y. Penal Law § 165.40. As plaintiff's counsel pointed out during oral argument, there were no facts to suggest that plaintiff was not going to return the purse. Plaintiff has alleged that Officer Sutton did not have a reasonable belief that she committed a crime and there is no basis on which to dismiss these claims. Mrs. Short's motion to dismiss the amended complaint on this basis will be denied.

As the amended complaint will remain against Mrs. Short, her request for attorneys' fees will be denied.

## IV. **CONCLUSION**

Plaintiff's motion to file an amended complaint, which she is entitled to do as of right, will be granted and the amended complaint has been considered in light of pending motion to dismiss.

Although private citizens are generally not liable under 42 U.S.C. § 1983, plaintiff has alleged that defendant Danielle Short conspired with, or engaged in joint activity with state officials, those being her off-duty police officer husband and Officer Sutton. Those

allegations are sufficient to state a claim of state action against Mrs. Short. Moreover, at this stage of the proceedings, plaintiff has alleged that her arrest was without probable cause and thus her false arrest and malicious prosecution claims may proceed. Finally, there is no basis on which to award attorneys' fees. Mrs. Short's motion to dismiss will be denied in its entirety.

Therefore, it is

ORDERED that

1. Defendant Danielle L. Short's motion to dismiss is DENIED;

2. Plaintiff Mary Ann LaLumia's motion to file an amended complaint is GRANTED; and

3. Plaintiff Mary Ann LaLumia is directed to file the amended complaint by December 23, 2013 and defendants are directed to respond to the amended complaint within 14 days after the date the amended complaint is filed.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 13, 2013
       Utica, New York.