UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

MARY ANN LALUMIA,

                               Plaintiff,

    -v-                                        1:13-CV-1012

MEGHAN SUTTON; DANIELLE L. SHORT;
GARY SHORT; and TOWN OF ULSTER,
NEW YORK,

                               Defendants.

--------------------------------

APPEARANCES:                               OF COUNSEL:

BLOOM, BLOOM & ASSOCIATES, PC       KEVIN D. BLOOM, ESQ.
Attorneys for Plaintiff
530 Blooming Grove Turnpike
New Windsor, NY 12553

OFFICE OF ROBERT N. ISSEKS          ROBERT N. ISSEKS, ESQ.
Attorney for Plaintiff
6 North Street
Middletown, NY 10940

MORRIS DUFFY ALONSO & FALEY        CARL S. SANDEL, ESQ.
Attorneys for Defendants Meghan Sutton,  MATTHEW C. WEIR, ESQ.
    Gary Short, and Town of Ulster
2 Rector Street
New York, NY 10006

OFFICE OF KEVIN R. BRYANT           KEVIN R. BRYANT, ESQ.
Attorney for Defendant Danielle L. Short
85 John Street
P.O. Box 4487
Kingston, NY 12402


DAVID N. HURD
United States District Judge

**DECISION and ORDER**

Plaintiff Mary Ann LaLumia ("plaintiff") brings this action against defendants Meghan Sutton ("Officer Sutton"), Danielle L. Short ("Mrs. Short"), Gary Short ("Mr. Short"), and the Town of Ulster, New York (collectively "defendants") under 42 U.S.C. § 1983 and state common law.  Mrs. Short moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or alternatively for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff opposed and cross-moved to amend her complaint pursuant to Federal Rule of Civil Procedure 15.  Mrs. Short replied.[1]

Oral argument was heard on December 12, 2013, via videoconference in Utica, New York.  On December 13, 2013, Mrs. Short's motion to dismiss was denied and plaintiff's cross-motion to amend was granted.  LaLumia v. Sutton, No. 1:13–CV–1012, 2013 WL 6566064 (N.D.N.Y. Dec. 13, 2013).  Plaintiff since filed her amended complaint and all defendants except Mrs. Short have answered.

Mrs. Short now moves for reconsideration of the decision denying her motion, pursuant to Federal Rule of Civil Procedure 60 and Rule 7.1(g) of the Local Rules for the Northern District of New York.  Specifically, she seeks reconsideration of the probable cause determination.  Plaintiff opposed and Mrs. Short replied.  The motion was considered on submission without oral argument.

A previous ruling may be reconsidered and vacated if:  (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.

---

[1] Officer Sutton, Mr. Short, and the Town of Ulster originally answered the complaint on the same day plaintiff filed her motion to amend.

Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).

Mrs. Short contends that reconsideration should be granted upon the third ground, in order to correct a clear error of law or prevent a manifest injustice. According to defendant, probable cause exists when there is an occurrence of any crime, not just the crime charged. Because the probable cause analysis in the December 13, 2013 Memorandum-Decision & Order was limited to only the crime charged (criminal possession of stolen property under New York Penal Law section 165.40), defendant contends the probable cause determination must be revisited.

According to Mrs. Short, the police could have charged plaintiff with grand larceny in the fourth degree under Penal Law section 155.30 which reads: "A person is guilty of grand larceny in the fourth degree when he steals property and when . . . [t]he property consists of a credit card or debit card." Likewise, the police could have charged plaintiff with petit larceny under Penal Law section 155.25 which reads: "A person is guilty of petit larceny when he steals property." Mrs. Short urges that these sections do not require any showing that plaintiff intended to keep the purse and thus there was probable cause to charge plaintiff with either of these crimes. As a result, she argues plaintiff's arrest was valid and the false arrest and malicious prosecution claims must be dismissed.

Defendant's argument that Officer Sutton had probable cause to arrest plaintiff fares no better even if an analysis were to be conducted under the two additional Penal Law sections now cited. As plaintiff points out in opposition, the premise of defendant's argument is that these two sections do not require any showing that plaintiff intended to keep the purse. However, this is in direct conflict with the statutory language. Penal Law section

155.05(1), titled "Larceny; defined," reads: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." Thus, intent is required for charges of grand larceny or petit larceny. The Memorandum-Decision & Order analyzed plaintiff's intent, or lack thereof, to deprive Mrs. Short of her property, as well as plaintiff's alleged wrongful withholding of the property from Mrs. Short, the owner. LaLumia, 2013 WL 6566064, at *4–5. An inquiry of probable cause under either larceny section cited by defendant does not change the probable cause outcome.

Mrs. Short points out that larceny can also be committed by acquiring lost property. New York Penal Law section 155.05(2)(b) provides:

> Larceny includes a wrongful taking, obtaining or withholding of another's property, with the intent prescribed in subdivision one of this section, committed in any of the following ways:
>
> . . . By acquiring lost property. A person acquires lost property when he exercises control over property of another which he knows to have been lost or mislaid, or to have been delivered under a mistake as to the identity of the recipient or the nature or amount of the property, without taking reasonable measures to return such property to the owner.

However, an intent to deprive another is still required. Moreover, for the acquisition of lost property to be a larceny, the person must have acquired it "without taking reasonable measures to return such property to the owner." Id. The measures which plaintiff took to return the property to Mrs. Short, including calling 411 to obtain a phone number for the Shorts, calling that phone number twice, leaving at least one message, and securing the purse in her vehicle for safekeeping, could certainly be said to be reasonable.

As explained in the prior order, the amended complaint, its accompanying exhibits, and the exhibits attached in support of Mrs. Short's motion allege facts which, when coupled

with reasonable inferences drawn in plaintiff's favor, raise plaintiff's right to relief above the speculative level. LaLumia, 2013 WL 6566064, at *5. Plaintiff has sufficiently alleged that Officer Sutton lacked probable cause to arrest her for the crime of criminal possession of stolen property, or for that matter, grand larceny in the fourth degree or petit larceny.

Dismissal of the complaint at this stage of the proceedings is only appropriate where a party has failed to provide some basis for the allegations that support the elements of its claims. See Bell Atl. Corp. v.Twombly, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face"). This is clearly not such a case.

The decision to deny Mrs. Short's motion to dismiss was not a clear error of law nor a manifest injustice and reconsideration does not warrant a different outcome.

Therefore, it is

ORDERED that

1. Defendant Danielle L. Short's motion for reconsideration is GRANTED;

2. Upon reconsideration, defendant Danielle L. Short's motion to dismiss is again DENIED; and

3. Defendant Danielle L. Short shall file an answer to the amended complaint on or before February 7, 2014.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 28, 2014
    Utica, New York.